IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| ROBERT E. FITZ, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 1:06cv0003 |
| | ) |
| MICHAEL J. ASTRUE, | ) Judge Thomas A. Wiseman, Jr. |
| Commissioner of Social Security, and | ) |
| HARTFORD LIFE & ACCIDENT INSURANCE CO., | ) |
| | ) |
| Defendants. | ) |

**FINAL JUDGMENT AND ORDER**

Plaintiff Robert E. Fitz filed this action *pro se* seeking judicial review of the denial of disability benefits by the Commissioner of Social Security (the "Commissioner") and by his former employer's long-term disability insurer, Hartford Life & Accident Insurance Company ("Hartford"). The case was referred to United States Magistrate Judge John S. Bryant pursuant to 28 U.S.C. § 636(b)(1)(B). The Magistrate Judge entered separate briefing schedules for the Social Security and ERISA issues raised in this action. (*See* Doc. Nos. 13, 15.) Thereafter, Plaintiff Robert E. Fitz filed under seal a "Response" (Doc. No. 14) which the Magistrate Judge construed as a motion for judgment on the administrative record, in which the Plaintiff sought reversal of the Commissioner's decision to deny benefits. In addition, Hartford filed a copy of the administrative record pertaining to its denial of plaintiff's claims for ERISA disability benefits (Doc. No. 17, Exhibit) and a motion for judgment in its favor on that record (Doc. No. 21), to which the Plaintiff never responded.

On May 4, 2007, the Magistrate Judge filed his Report & Recommendation, in which he recommended that the Plaintiff's motion for judgment on the administrative record be denied, that the decision of the Commissioner be affirmed, and that Hartford's motion for judgment be granted. Plaintiff has filed timely Objections to the Magistrate's Report. (Doc. No. 27.) Hartford filed a response to the Plaintiff's Objections; the Commissioner has not filed a response.

Pursuant to Rule 72(b) of the Federal Rules of Civil Procedure, the Court must "make a de novo determination upon the record . . . of any portion of the magistrate judge's disposition to which specific

written objection has been made in accordance with this rule." *See also* 28 U.S.C. § 636(b)(1). The Court has reviewed *de novo* the entire record and the pleadings, with particular attention to those portions of the record that are relevant to Plaintiff's Objections. The Court finds Plaintiff's Objections to be without merit.

Specifically, it appears the Plaintiff's primary objection is based on the Magistrate Judge's refusal to order remand under the sixth sentence of 42 U.S.C. § 405(g) for administrative consideration of new and material evidence, in order that laboratory results indicating the presence of Lyme disease might be considered. Remand under sentence six requires that the evidence offered be both new and material, and that there was good cause for not presenting it in the prior proceeding. *Foster v. Halter*, 279 F.3d 348, 357 (6th Cir. 2001). Evidence is "new" only if it was not in existence or was not available prior to the ALJ's decision. *Id.* Such evidence is "material" if there is a reasonable probability that the ALJ would have reached a different decision had the additional evidence been presented. *Id.* A claimant shows "good cause" by demonstrating a reasonable justification for the failure to acquire and present the evidence at the hearing before the ALJ. *Id.*

As the Magistrate Judge noted, it is clear that the laboratory test results Plaintiff proffers are in fact new, and that good cause exists for his failure to procure such evidence prior to the hearing There is no indication that the new diagnosis is material, however. The Court is sympathetic to the plaintiff's plight: Lyme disease has devastating effects and is notoriously difficult to diagnose; many patients suffer symptoms for years before a proper diagnosis is made and appropriate treatment begun. Notwithstanding, even assuming Plaintiff has Lyme disease, that he had Lyme disease at the time of the hearing before the ALJ, and that his various symptoms were due at least in part to Lyme disease, these facts are "insufficient to establish a reasonable probability that the ALJ would have reached a different disposition of his claim if presented with the test results advanced here." (Doc. No. 25, at 22.) In other words, the potential diagnosis of Lyme disease may explain plaintiff's symptoms, but it does not change them. Further, the more recent evidence submitted by the Plaintiff with his Objections, including medical records from a Dr. Joseph Jemsek which appear to substantiate a positive diagnosis of "Lyme borreliosis complex," suggest that his condition has improved under Dr. Jemsek's care. (*See* Doc. No. 27-2 and -3.)

The Magistrate Judge did not err in refusing to remand under sentence six for consideration of new evidence pertaining to Lyme disease.

As for the Magistrate Judge's findings and recommendations pertaining to Hartford's motion for judgment, Hartford points out in its response that none of Plaintiff's Objections is actually directed toward Hartford's denial of benefits. Moreover, there is no dispute that Plaintiff never responded to Hartford's request that he submit his appeal of the denial of his benefits in writing; he failed to exhaust his administrative remedies; and he never responded to Hartford's motion for judgment on the record. The only oblique reference in Plaintiff's Objections to the Magistrate's findings in that regard is his statement: "That's where the no response comes from as I keep forgetting important things even now." Presumably, in other words, Plaintiff is blaming his condition for his failure to respond as required. His condition may explain the failure, but unfortunately it does not excuse it.

In sum, having reviewed the pleadings and the record as a whole, the Court finds that the Magistrate Judge reached the correct conclusions in the Report & Recommendations. For the reasons set forth therein, the Court **ACCEPTS** in whole the findings and recommendations made by the Magistrate Judge, and Plaintiff's objections are therefore **OVERRULED**. Plaintiff's motion for judgment on the administrative record (Doc. No. 14) is **DENIED** and the Commissioner's judgment **AFFIRMED**. Hartford's Motion for Judgment on the Record (Doc. No. 21) is **GRANTED**. Judgment is entered in favor of the Defendants, and this matter is hereby **DISMISSED**.

It is so **ORDERED**.

This is a final judgment for purposes of Rule 58 of the Federal Rules of Civil Procedure.

Thomas A. Wiseman, Jr.
Senior U.S. District Judge